IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KAREN BURKE, | : | |
| Plaintiff, | : | Case No. 3:10-CV-00478 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| TIME INSURANCE CO., et al., | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.    INTRODUCTION**

Plaintiff Karen Burke, a resident of Dayton, Ohio, brings this case against Defendant Time Insurance Company for breach of contract, bad faith, promissory estoppel, and vicarious liability and against Defendant Ronald D. Redd for negligence.

Burke filed her Complaint in the Montgomery County Court of Common Pleas on November 30, 2010. Defendant Time Insurance Company timely removed Burke's case to federal court.

The case is before the Court upon Defendant Redd's Motion for Judgment on the Pleadings (Doc. #10), Plaintiff Burke's Response (Doc. #15), Redd's Reply (Doc. #19),

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendant Time Insurance Company's Notice of Joinder (Doc. #18), and the record as a whole.

## II.     BURKE'S COMPLAINT

Burke alleges that Time Insurance Company, through their insurance agent Ronald Redd, issued Burke an individual health insurance policy that became effective September 13, 2009. (Doc. #3 at ¶ 6). In December 2009, Burke went to the hospital after experiencing back problems. (Doc. #3 at ¶ 9). Burke's injuries required her to have x-rays, diagnostic testing, and treatment. (Doc. #3 at ¶ 10). Burke alleges she submitted claims for payment of her medical expenses to Time Insurance and they "refused to pay and/or failed to bill any medical bills/claims submitted on behalf of Plaintiff." (Doc. #3 at ¶¶ 11-12).

Burke's Complaint raises four counts against Time Insurance Company: (1) breach of contract, (2) bad faith, (3) promissory estoppel, and (4) vicarious liability. (Doc. #3).

Burke's Complaint raised one count against Redd: negligence. (Doc. 3 at ¶¶ 34-37). Burke alleges that Redd "had a duty to the Plaintiff to act with reasonable care in the procurement, sale, application, issuance and maintenance of health insurance coverage for Plaintiff and in responding to problems arising in the claim process." (Doc. #3 at ¶ 35). According to Burke, Redd breached his duty of care and as a result, Burke suffered injuries, damages, and losses. (Doc. #3 at ¶¶ 36-37).

## III.    DISCUSSION

### A. Applicable Standards

Defendant Redd moves for judgment on the pleading dismissing Redd from the lawsuit under Fed. R. Civ. P. 12(c).

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.... 'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting in part *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007).

"The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible.... However, 'a legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Fritz,* 592 F.3d at 722 (quoting in part *Ashcroft v. Iqbal,* __ U.S. __, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d (2009)(other citations omitted).

### B. Economic Loss Doctrine

Defendant Redd contends that Plaintiff's negligence claim is barred by Ohio's economic loss doctrine.

"The economic-loss rule generally prevents recovery in tort of damages for purely

3

economic loss." *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 414, 835 N.E.2d 701, 704 (Ohio 2005)(citing *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.,* 42 Ohio St.3d 40, 45, 537 N.E.2d 624, 630 (Ohio 1989)). Specifically, "[t]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Chemtrol Adhesives,* 42 Ohio St.3d at 44 (citing *Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 126. (Iowa 1984)). The rule is based on the idea that tort law is "designed to redress losses suffered by breach of a duty imposed by law to protect societal interests" while contract law "holds that 'parties to a commercial transaction should remain free to govern their own affairs.'" *Corporex Dev.*, 106 Ohio St.3d at 414 (citing in part *Chemtrol,* 42 Ohio St.3d at 44).

Plaintiff Burke's case is subject to the economic loss doctrine. Plaintiff admits her damages are "economic in nature." (Doc. #15 at 4). Additionally, Plaintiff Burke only alleges negligence against Defendant Redd. (Doc. #3 at ¶¶ 34-37). Thus, the economic loss doctrine applies to this case unless there is an exception Burke falls under.

An exception to the economic loss doctrine exists when there is a preexisting duty in tort. *See Haddon View Inv. Co. v. Coopers & Lybrand,* 70 Ohio St.2d 154, 436 N.E.2d 212 (Ohio 1982). Specifically, the court in *Haddon* held "that an accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." *Id.* at 157. The court then limits the *Haddon* exception to "limited circumstances in which

4

a person, in the course of business, negligently supplies false information, knowing that the recipient either intends to pass the information on to a foreseen third party or limited class of third persons who intend to rely on it in business." *Corporex,* 106 Ohio St.3d at 515 (citing Restatement of Torts 2d, 126-127, Section 552). However, "Ohio law prevents the recovery of purely economic losses in a negligence action... where recovery of such damages in not based upon a tort duty independent of contractually created duties." *Pavlovich v. Nat'l City Bank,* 435 F.3d 560, 569 (6th Cir. 2006)(citing *Corporex Dev.,* 835 N.E.2d at 705).

Plaintiff Burke asserts that like the defendant in *Haddon,* Redd had a professional duty to her. (Doc. #15 at 3). However, the *Haddon* exception to the economic loss doctrine is limited to claims of negligent misrepresentation. *Corporex,* 106 Ohio St.3d at 414; *See also Meskill Enters. v. Acuity,* 2006 WL 903207 *4 (N.D. Ohio 2006)("although tort claims are generally barred by the economic loss doctrine, the discrete tort generally referred to as negligent misrepresentation is not."). Burke did not file a claim for negligent misrepresentation against Defendant Redd and therefore does not fall under that exception.

It is well established that negligence claims against insurers are barred by the economic loss doctrine. In a case similar to this one, *Potts v. Safeco Insurance Co.,* the plaintiffs sued their insurance agent and agency, alledging that they "negligently obtained and/or negligently failed to monitor the insurance they had obtained for the plaintiffs." 2010 WL 1839738 ¶14 (Ohio Ct. App. 2010). The court held "simple negligence claims, including negligent procurement claims and negligent monitoring claims against insurance

brokers, are barred by the economic loss doctrine...." *Id.* at ¶ 25. Similarly, the Sixth Circuit Court of Appeals has held that the economic loss doctrine bars negligence claims against insurance brokers. *See All Erection & Crane Rental Corp. v. Acordia Northwest, Inc.,* 162 Fed. Appx. 554 (6th Cir. 2006).

Plaintiff Burke contends that under *Minor,* negligent procurement of insurance coverage is not barred by the economic loss doctrine. (Doc. #15 at 4-5). However, the defendant in *Minor* did not raise the economic loss doctrine as a defense and thus, the court did not consider it. *See Minor v. Allstate Ins. Co.,* 111 Ohio App.3d 16 (Ohio Ct. App. 1996). Courts that have considered both the insurers duty to the insured and the economic loss doctrine have consistently found that the economic loss doctrine bars recovery in negligence actions. *See All Erection & Crane Rental,* 162 Fed. Appx. 554; *Meskill,* 2006 WL 903207; *Mafcote, Inc. v. Genatt Assocs., Inc.,* 2007 WL 527870 (S.D. Ohio 2007)(Dlott, D.J.). In *All Erection & Crane Rental,* the Court barred recovery for economic losses for a negligence claim instead of relying on the plaintiff's argument that an insurance agent owes a "duty to exercise good faith and reasonable diligence in undertaking the acquisition of coverage."162 Fed. Appx. at 559. In *Meskill,* the plaintiff tried to characterize its negligence claim as one of "professional negligence."2006 WL 903207 *5. When considering the negligence claim, the court found it unlikely that "the Ohio Supreme Court would recognize an independent insurance broker malpractice claim in light of its recent economic loss decisions." *Id.* In considering a negligence claim, the court in *Mafcote* held that the decision in *Minor,* along with similar decisions, were of

"limited precedential value when weighed against the thoughtful analysis of the economic loss doctrine in the insurance context provided in *Meskill* and *All Erection & Crane Rental Corp.*" *Mafcote,* 2007 WL 527870. Plaintiff Burke's negligence claim against Defendant Redd does not fall under an exception to the economic loss doctrine.

Accordingly, Plaintiff Burke's negligence claim is barred by the economic loss doctrine.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Redd's Motion for Judgment on the Pleading (Doc. #10) be GRANTED;

2. Plaintiff's Complaint against Defendant Redd be DISMISSED;

3. The Clerk of Court be directed to enter Judgment on Plaintiff's claim in favor of Defendant Redd and against Plaintiff.


    s/Sharon L. Ovington
    Sharon L. Ovington
    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).